## W. A. BURNEY v. THE STATE.

No. 11545. Delivered January 30, 1929.

The opinion states the case.

*Calloway & Calloway* of Brownwood, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is seduction, the punishment confinement in the penitentiary for ten years.

Prior to the institution of the prosecution appellant married the injured party. According to appellant's testimony, he had been forcibly placed in an automobile at the point of a pistol and carried to Fort Worth, where the injured party was in a sanitarium. His

abductors advised him on the way to Fort Worth, in effect, that he would be killed unless he married prosecutrix. He testified that he believed the threat would be carried into execution and therefore went through the marriage ceremony. There was no evidence that force was used at the time the ceremony was performed. Appellant did not live with prosecutrix, but immediately returned to his home at Brownwood. A few weeks thereafter he secured the annulment of the marriage on the ground that he had been forced to enter said marriage under duress. The judgment of divorce was rendered on March 22, 1927, and on March 23, 1927, an indictment was returned charging appellant with the offense of seduction.

Appellant sought to have the jury instructed to acquit him, predicating his request on the provisions of Article 506, P. C., the pertinent part of which we quote:

"If the parties marry each other at any time before the defendant pleads to the indictment before a court of competent jurisdiction, the prosecution shall be dismissed."

The trial court evidently entertained the view that the marriage was void, and that the provisions of the article above quoted were, therefore, without application. The marriage was not void. Lee v. Lee, 3 S. W. (2d) 672. At most, appellant's consent was involuntarily given. Without expressing an opinion as to whether the marriage was voidable, we observe that Article 506, supra, precludes a prosecution for seduction if the parties marry each other at any time before the defendant pleads to the indictment before a court of competent jurisdiction. That the parties did marry each other before prosecution was instituted and before appellant pleaded to the indictment is undisputed. Hence under the plain terms of the statute the prosecution should have been dismissed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.